[L. A. No. 5248.   Department Two.—August 26, 1919.]

W. E. BERGER, Respondent, v. M. R. BRIGHT et al.,
Appellants.

[1] ACTION ON WRITTEN AGREEMENT—FAILURE TO EXPRESS REAL IN-
TENT OF PARTIES—FINDING.—In an action to recover a sum of money
under a written agreement, wherein the defendants in their answer
and cross-complaint admitted the signing and execution of the agree-
ment but alleged that it did not express the real intent of the par-
ties, the finding that defendants signed and executed and *agreed to*
all of the terms and provisions of the agreement is a sufficient find-
ing on such allegation.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   E. P. Shortall, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

Frank C. Hill and G. E. Delavan, Jr., for Appellants.

Frank R. Seaver and Byron D. Seaver for Respondent.

LENNON, J.—Defendants appeal from a judgment for
plaintiff in an action to recover the sum of $750 alleged to
have been received by defendants for the plaintiff's use.

Gilbreth and Company entered into a contract with the Los
Angeles School District whereby the company agreed to erect
a school building to be known as the Amelia Street School.
In consideration of defendants' promise to become sureties on
its bond, the company assigned to defendants, as trustees, the
right to receive all moneys due from the school district and
to disburse all moneys owing laborers and materialmen.   The
company at the time owed plaintiff the sum of one thousand
dollars.   Plaintiff's attorney having threatened to put the
company into bankruptcy, defendants, after figuring that
there would be a profit of at least two thousand dollars on
the erection of the school building, promised to pay plaintiff
out of the payments received from the school district.   After
some preliminary discussion, defendants signed an agreement
by which they promised to pay to plaintiff the sum of $250
on the date of the agreement, and, in addition, "such sum of
money as shall amount to eight per cent of all future payments

made by the owner of said Amelia Street School for the construction thereof, until said indebtedness is satisfied in full." Although about ten thousand dollars was received under the contract for the construction of the school building, defendants have made no payment to plaintiff other than the initial payment of $250. The work, on its completion, showing a deficit of four thousand dollars, defendants refused to make any further payment to plaintiff, who thereupon brought this action.

In their answer, and in a cross-complaint praying a reformation of the written agreement, defendants admitted the signing and execution of the agreement, but alleged that it did not express the real intent of the parties, which was that plaintiff should be paid only out of the profits, if any, realized on the work.

One of the main contentions of defendants on this appeal is that the trial court failed to find upon the issues presented by this allegation in the answer and cross-complaint. The court, however, found that defendants signed and executed and *agreed to* all of the terms and provisions of the written agreement. [1] This was a sufficient finding adverse to the defendants on the issues tendered in the answer and cross-complaint.

Defendants also present an analysis of the evidence offered in support of their defense and prayer for reformation, which was intended to and does in a measure tend to show that defendants did not agree to the terms and provisions of the written agreement. The transcript, however, reveals a substantial conflict in the evidence presented upon this phase of the case, and it is, therefore, impossible for this court to undertake to disturb the finding.

There is obviously no merit in the contention of defendants that the judgment should have been so framed as to make subject to execution only such property as they might hold under the trust agreement with Gilbreth and Company.

The judgment appealed from is affirmed.

Melvin, J., and Wilbur, J., concurred.